IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

FILED 27 JUL '15 11:07 USDC-ORP

| | |
|---|---|
| CHRISTOPHER HUGHSON,<br><br>PLAINTIFF,<br><br>v.<br><br>LOCAL LIGHTHOUSE CORPORATION;<br><br>DEFENDANT. | Case No.   3:15-cv-01324-SB<br><br>**PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>(1) Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq.<br>(2) ORS § 646.569<br><br>**DEMAND FOR JURY TRIAL**<br><br>Claim Under $10,000 |

## SUMMARY OF COMPLAINT

1. Plaintiff Christopher Hughson brings this Complaint and Demand for Jury Trial against Defendant Local Lighthouse Corporation to put an end to its unlawful practice of placing unsolicited telemarketing calls. Plaintiff seeks damages, including interest, costs and all other legal or equitable relief resulting from the illegal actions of Local Lighthouse Corporation in negligently and/or knowingly and/or willfully contacting Plaintiff on his personal cell phone without prior express consent in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., ("TCPA") and Oregon Telemarketing restrictions (ORS § 646.569).

2. Automatic telephone dialing systems are capable of delivering a large number of artificial or prerecorded voice messages to cellular phones, homes and businesses in a short period of time. For this reason, such systems are widely used for a variety of commercial and non-commercial purposes. In 1991, Congress enacted the TCPA to respond to a growing

number of consumer complaints about telemarketing. The TCPA was enacted to regulate, among other things, the use of automated telephone equipment and the use of automated voice messages to make non-emergency telephone calls to consumers without their prior express consent. These types of unsolicited and unauthorized telephone calls are inconvenient, bothersome, annoying, harassing, and can be costly to consumers.

3. Pursuant to the TCPA, using any automatic telephone dialing system or an artificial or pre-recorded voice to make non-emergency telephone calls to a cellular telephone is prohibited unless the consumer has given prior express consent. The TCPA empowers the Federal Communications Commission ("FCC") to promulgate rules to achieve the purposes of the TCPA. The FCC has consistently reiterated in its 2012 Report and Order and Declaratory Rulings that auto-dialed or pre-recorded telephone calls to a cellular telephone numbers are prohibited unless made with "prior express consent" of the consumer. *See e.g., In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, FCC Report and Order, CG Docket No. 02-278 (Fed. 15, 2012).    .

4. The TCPA provides a private remedy for violations of section 227(b)(1)(A) and its regulations. In particular, section 227(b)(3) provides that a person "may bring an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater" and "If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph. *47 U.S.C. § 227(b)(3)(A)-(C).*

5. Plaintiff received at least three non-emergency telephone calls on his cell phone from Defendant via an automatic telephone dialing system and/or an artificial or pre-recorded voice. Plaintiff did not give prior express consent to received these telephone calls.

## JURISDICTION AND VENUE

6. The Supreme Court of the United States determined that state and federal courts have concurrent jurisdiction over private actions brought under the TCPA. *See Mims v. Arrow Financial Services, LLC, 565 U.S. __ (2012).*

7. This Court has personal jurisdiction over Defendant, because it conducts significant amounts of business in this State and the unlawful conduct alleged in the Complaint occurred in, was directed to, and/or emanated from this State.

8. Venue is proper because the unlawful acts alleged, including the unauthorized phone calls, occurred in Multnomah County, and the injury arose in Multnomah County. Venue is additionally proper because Plaintiff resides in this County.

## PARTIES

9. Plaintiff Christopher Hughson is a natural person and citizen of the State of Oregon, residing in Multnomah County.

10. Defendant Local Lighthouse Corporation is a corporation existing under the laws of the State of California. Local Lighthouse Corporation conducts business throughout the State of Oregon.

## FACTUAL BACKGROUND

11. Defendant operates a call center in California to solicit consumers and business owners nationwide to purchase its web/SEO packages starting at $300 per month.

12. In order to reach more customers, Defendant uses an invasive and illegal method of reaching potential customers: unsolicited telemarketing known as "robocalling".

13. Defendant or their agents place calls to consumers through their automated telephone dialing system, claiming that they are Google, and that a business listing or service should be purchased. Defendant uses fake or "spoofed" Caller ID's, one of which is (458) 202-0850 which disguise the actual number they are calling from.

14. If a consumer tries to call the phone number back that called them, they will reach an automated opt out line, which does not provide Defendants contact name or contact information and does not allow for a message to be left. This is one way Defendant's hide their identity.

15. On May 29, 2015 at approximately 2:28 PM, Pacific Standard Time, Defendant or its agent placed a call to Plaintiff's cell phone. The call contained a prerecorded message claiming Defendant was Google and that Plaintiff needed to verify his contact information.

16. On May 29, 2015, Plaintiff spoke to Defendant's representative, Colby who indicated Plaintiff had received the prerecorded messages because Defendant had a private contract with Google to ensure Plaintiff's contact information was listed correctly. Defendant has no contractual relationship with Google.

17. On June 8, 2015 Defendant received correspondence from Plaintiff stating "Please immediately provide me with a copy of your do not call policy and remove my number from your list!".

18. On June 16, 2015 at approximately 3:29 PM, Pacific Standard Time, Defendant or its agent placed a call to Plaintiff's cell phone. The call contained a prerecorded message claiming Defendant was Google and that Plaintiff needed to verify his contact information.

<gt;<gt;<gt;<gt;

19.     On June 18, 2015 at approximately 3:07 PM, Pacific Standard Time, Defendant or its agent placed another call to Plaintiff's cell phone using an automatic telephone dialing system and/or prerecorded voice.

20.     Defendant was not contracted by Google to contact consumers.

21.     Online consumer complaints regarding Defendant's unsolicited telemarketing calls state the following:

- Robo caller for SEO scam.  It's not Google Adwords - it's a scammer company with a cheap "promise the moon" scam for "getting on the top page of Google" - which is ALWAYS a scam claim.  Block, block, block.
- Google Ads.  They have tons of robo numbers calling me.  I saved them as Spam in my contacts and set the number to go directly to voicemail so I don't have to hear from them again.  Problem is they keep calling from other numbers and wouldn't stop.  Finally I decided to take one of their calls and tell a human to knock it off.  After listening to all options, at the end you can press 2 to be removed from their list.  I do that now with every call.  Probably will take a while but perhaps it will stop.
- Robocall. Calls repeatedly several times in a row, whether I answer or not.
- Calls my company 10 -12 times a day - robo caller. It was saying urgent to talk to owner....I finally pressed 1 and got a person that wanted me to buy Google space. When I said remove me from the calling list now! a woman said - f*** off and hung up  458-202-0850 is the number that showed on caller ID.called, recorded vm.....=> waste of time
- Number show call from Bend Oregon. No message left.  Why are they allowed to call when on the DO NOT CALL registry.
- Spammers claiming to be from google places wanting to update my business listing. Hung up when I asked them if they actually work for Google.
- I've pressed 2 to be removed & also called back & followed prompts to be removed. Doesn't work. They keep calling. What a nuisance. Wish my phone/service had an option to block phone number.
- "Hello...my name is Kate...a Google Plus expert....blah, blah.."  Hung up. Has called 4-5 times so far.
- Same as above.  Google spam crap.  Google ain't no angel - but I doubt this is from google

- Scam. Says they are from Google Plus. Just so happens that I am in SEO marketing. I pressed all the numbers to get to a human. Asked them how they got my number in the first place. They asked me if I was the business owner of my google listing. I told them yes, actually I was. They wanted to "update" my listing because it was out of date and wanted my CC info to do that. When I told them they were full of crap, Google doesn't work that way, that my business didn't have this phone number, they were scam artists, they hung up on me.

(Source: *http://800notes.com/Phone.aspx/1-458-202-0850/2*)

22. This telemarketing sequence, from beginning to end, was designed to hide the real identify of the company behind the telemarketer since the company did not have consent to call the consumers in the first place.

23. Plaintiff's cell phone number has been registered on the do not call registry since March 11, 2010.

24. Plaintiff did not provide his prior express consent to be called by Defendant and did not interact with Defendant in any way prior to receiving a call from them.

25. Defendant is and was aware that it is placing unsolicited robocalls to Plaintiff and other consumers without their prior written consent.

## COUNT I
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

### (47 U.S.C. § 227)

26. Plaintiff adopts by reference all of the allegations above.

27. By making, or having made on its behalf, unsolicited calls via an automatic telephone dialing system and/or an artificial or pre-recorded voice to Plaintiff's cell phone without prior written consent, Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) and 47 U.S.C. §

227(b)(1)(B). As a result of Defendant's unlawful conduct, Plaintiff suffered actual damages in the form of monies paid to receive unsolicited calls and, under Section 227 (b)(3)(B), is entitled to a minimum of $500 in statutory damages for each violation of the TCPA.

28. To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to Section 227(b)(3)(C), treble the amount of statutory damages recoverable

29. None of Defendants phone calls were made for emergency purposes or made with the prior express consent of Plaintiff.

## COUNT II
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

### (47 U.S.C. § 227(c)(5))

30. Plaintiff adopts by reference all of the allegations above.

31. 47 U.S.C. §227 (c) provides that any person "who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may," bring a private action based on a violation of said regulations, which regulations were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object.

32. The Telephone Consumer Protection Act's implementing regulation, 47 C.F.R.§64.1200 (c), provides that "No person or entity shall initiate any telephone solicitation" to"…(2) A residential telephone subscriber who has registered his or her telephone number on the national do- not- call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

33. 47 C.F.R. §64.1200 (d) further provides that "No person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity. The procedures instituted must meet the following minimum standards:

> (1) Written policy. Persons or entitles making calls for telemarketing purposes must have a written policy, available upon demand, for maintaining a do-not-call list.
>
> (2) Training of personnel engaged in telemarketing. Personnel engaged in any aspect of telemarketing must be informed and trained in the existence and use of the do-not-call list.
>
> (3) Recording, disclosure of do-not-call requests. If a person or entity making a call for telemarketing purposes (or on whose behalf such a call is made) receives a request from a residential telephone subscriber not to receive calls from that person or entity, the person or entity must record the request and place the subscriber's name, if provided, and telephone number on the do not- call list at the time the request is made. Persons or entities making calls for telemarketing purposes (or on whose behalf such calls are made) must honor a residential subscriber's do- not- call request within a reasonable time from the date such request is made. This period may not exceed thirty days from the date of such request.
>
> (4) Identification of sellers and telemarketers. A person or entity making a call for telemarketing purposes must provide the called party with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted. The telephone number provided may not be a 900 number or any other number for which charges exceed local or long distance transmission charges.
>
> (5) Affiliated persons or entities. In the absence of a specific request by the subscriber to the contrary, a residential subscriber's do-not-call request shall apply to the particular business entity making the call (or on whose behalf a call is made), and will not apply to affiliated entities unless the consumer reasonably would expect them to be included given the identification of the caller and the product being advertised.
>
> (6) Maintenance of do-not-call lists. A person or entity making calls for telemarketing purposes must maintain a record of a consumer's request not to receive further telemarketing calls. A do-not-call request must be honored for 5 years from the time the request is made.

34.     47 C.F.R. §64.1200 (e), provides that §64.1200 (c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers to the extent described in the Commission's Report and Order, CO Docket No. 02-278, FCC 03- IS3, 'Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,'" which Report and Order in turn, provides as follows:

> The Commission's rules provide that companies making telephone solicitations to residential telephone subscribers must comply with time of day restrictions and must institute procedures for maintaining do-not-call lists. For the reasons described above, we conclude that these rules apply to calls made to wireless telephone numbers. We believe that wireless subscribers should be afforded the same protections as wireline subscribers.

35.     Defendant violated § 64.1200(c) by initiating telephone solicitations to wireless and residential telephone subscribers, such as Plaintiff, who registered his telephone number on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government. Plaintiff requested not to receive calls from Defendant, as set forth in §64.1200(d)(3).

36.     Defendant and/or its agents made unsolicited telephone calls to Plaintiff without his prior express consent to receive such calls. Plaintiff never provided any form of consent, at any time, to receive telephone calls from Defendant.

37.     Defendant violated § 64.1200(d) by initiating calls for telemarketing purposes to residential and wireless telephone subscribers, such as Plaintiff, without instituting procedures that comply with the regulatory minimum standards for maintaining a list of persons who request not to receive telemarketing calls from them.

38.     Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff received more than one telephone call within a 12-month period made by or on behalf of the Defendant in violation of 47 C.F.R. § 64.1200, as described above. As a result of Defendant's conduct as alleged herein,

Plaintiff suffered actual damages and, under section 47 U.S.C. § 227(c), is entitled to receive up to $500 in damages for such violations of § 64.1200.

39. To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to § 227(c)(5), treble the amount of statutory damages recoverable.

## COUNT III
## PROHIBITION ON TELEPHONE SOLICITATION OF TELEPHONE NUMBER ON FEDERAL DO NOT CALL REGISTRY

### (ORS § 646.569)

40. Plaintiff adopts by reference all of the allegations above.

41. By making, or having made on its behalf, telephone solicitations of a party at a telephone number included on the federal do-not-call registry, Defendant violated ORS § 646.608(ff) and ORS § 646.569. As a result of Defendant's unlawful conduct, Plaintiff suffered actual damages in the form of monies paid to receive unsolicited calls and, under ORS § 646.638(1) is entitled to a minimum of $200 in statutory damages.

### REQUESTED RELIEF

**WHEREFORE**, Plaintiff Christopher Hughson respectfully requests relief against Defendant Local Lighthouse Corporation as follows:

(A) For Count I, actual and statutory damages in the amount of $500 per violation and additional treble damages of $1,000 per violation;

(B) For Count II, actual and statutory damages in the amount of $500 and additional treble damages of $1,000;

(C) For Count III, actual and statutory damages in the amount of $200;

(D)   For all litigation expenses, and pre- and post-judgment interest, to the extent allowable.

(E)   For any other relief deemed appropriate by this Honorable Court.

(F)   Awarding such other and further relief as equity and justice may require.

(G)   Plaintiff reserves the right to seek leave to amend his Complaint to assert punitive damages against Defendant.

Dated: July 24, 2015

_____
Christopher Hughson
4754 SW Admiral Street
Portland, Oregon 97221
chris@oregonrealtyadvisors.com
Cell: (503) 703-6844
*Plaintiff*

Page 11 of 12 - PLAINTIFF'S FIRST AMENDED COMPLAINT

# CERTIFICATE OF SERVICE

FILED 27 JUL '15 11:07 USDC-ORP

I hereby certify that I caused to be service the foregoing **Plaintiff's First Amended Complaint** on the date indicated below,

[ X ]  Via First-Class Mail with postage prepaid

[ ]  Via Facsimile Transmission

[ ]  Via Hand Delivery

[ X ]  Via Email

to the following person(s) a true copy thereof, contained in a sealed envelope (if other than facsimile or email transmission), addressed to said person(s) at their last known addresses indicated below:

**Christopher Weiss**
**Stoel Rives, LLP**
**600 University Street, Suite 3600**
**Seattle, WA 98101**
**Phone:  206-624-0900**
**Fax: 206-386-7500**
**Email: chris.weiss@stoel.com**

Dated:  July 24, 2015

*signature*

Christopher Hughson
4754 SW Admiral Street
Portland, Oregon 97221
chris@oregonrealtyadvisors.com
Cell:  (503) 703-6844
*Plaintiff*